# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:20-cv-00052**

**WESTERN ACCEPTANCE, LLC**

       **Plaintiff,**

**v.**

**SXIP, LLC, GENERAL
AGRICULTURE INC. F/K/A
GENERAL AGRICULTURE LLC,
SONOMA STAINLESS, INC., TAHER
M. AFGHANI; TIFFANY WEAVER;
GENE WALT; CHRISTINE MILLER;
STIG WESTLING; MARTIN
KAUFMAN; DOUGLAS
ROSENBERG; PETER HUSON;
CALLAGHAN BECKER; ROBERTA
BERANEK; KIM MAYEN; BRADY
GLAUGHIER; PHIL TAGAMI; VINCE
FRERE; PARKER BERLING; BRIAN
MEHRHOFF; BRETT ASHLOCK**

       **Defendants.**

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff Western Acceptance, LLC files this Original Complaint against Defendants SXIP, LLC; General Agriculture Inc. f/k/a General Agriculture LLC; Sonoma Stainless, Inc.; Taher M. Afghani; Tiffany Weaver; Gene Walt; Christine Miller; Stig Westling; Martin Kaufman; Douglas Rosenberg; Peter Huson; Callaghan Becker; Roberta Beranek; Kim Mayen; Brady Glaughier; Phil Tagami; Vince Frere; and Brian Mehrhoff; and respectfully shows as follows:

# I.
## PARTIES

1.      Plaintiff WESTERN ACCEPTANCE, LLC is a Colorado Limited Liability Company.

2.      Defendant SXIP, LLC is a California limited liability company with its principal place of business in Rohnert Park, California. It may be served by serving its registered agent Paracorp, Incorporated at 2804 Gateway Oaks Dr. #100, Sacramento, California 95833.

3.      Defendant GENERAL AGRICULTURE INC. F/K/A GENERAL AGRICULTURE LLC is a California corporation with its principal place of business in Oakland, California. It may be served by serving its agent for service Corpnet, Incorporated at 31416 Agoura Rd., Suite 118, Westlake Village, California 91361.

4.      Defendant SONOMA STAINLESS, INC. is a California corporation with its principal place of business in Sebastopol, California. It may be service by serving its registered agent Vincent M. Frere at 14755 Morelli Lane, Sebastopol, California 95472.

5.      Defendant TAHER M. AFGHANI is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

6.      Defendant TIFFANY WEAVER is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

7.      Defendant GENE WALT is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

8.      Defendant CHRISTINE MILLER is an individual in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

9.      Defendant STIG WESTLING is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

10.     Defendant MARTIN KAUFMAN is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

11.     Defendant DOUGLAS ROSENBERG is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

12.     Defendant PETER HUSON is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

13.     Defendant CALLAGHAN BECKER is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

14.     Defendant ROBERTA BERANEK is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

15.     Defendant KIM MAYEN is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

16.     Defendant BRADY GLAUGHIER is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

17.     Defendant PHIL TAGAMI is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

18.     Defendant VINCE FRERE is an individual residing in California and may be served with process at 14755 Morelli Lane, Sebastopol, California 95472.

19.     Defendant BRIAN MEHRHOFF is an individual residing in California and may be served with process at 6800 Commerce Blvd., #24, Rohnert Park, California 94928.

## II.
## JURISDICTION AND VENUE

20.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship among the parties to this suit and the amount in

controversy exceeds $75,000.00, exclusive of interests and costs.  The Court also has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367, in that it is a civil action arising under the laws of the United States and any state-law claims form part of the same case or controversy.

21.     The Court has personal jurisdiction over Defendants because Defendants conduct business in Colorado, entered into relationships with Plaintiff in Colorado, and committed actions in Colorado that give rise to this cause of action.  This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.  Damages sought are within the jurisdictional limits of this Court.

### III.
### FACTUAL BACKGROUND

22.     Plaintiff contracted with Defendant SXIP for the design and manufacture of equipment to be utilized in Plaintiff's business.  Plaintiff paid Sonoma in excess of Two Million Dollars for the manufacturing of said equipment.  Following receipt of all funds and completion of the project which Plaintiff paid for, Sonoma, a subcontractor of SXIP who had possession of the equipment, permitted the remaining Defendants to come on to Sonoma's property and take Plaintiff's equipment.

23.     SXIP is a California company.  At all times herein, SXIP operated through its executives, officers and agents Taher M. Afghani, Tiffany Weaver and Gene Walt (hereinafter "SXIP Agents.")

24.     General Agriculture Inc. ("GenAg") is a California company.  At all times herein, GenAg operated through its executives, officers, and agents Tiffany Weaver, Stig Westling, Martin Kaufman, Douglas Rosenberg, Peter Huson, Callaghan Backer, Roberta Beranek, Kim Mayen, Brady Glaughier, Phil Tagami, and Brian Mehrhoff (hereinafter "GenAg Agents").

25.     Defendant Sonoma acted at all times through its agent Vince Frere.

## IV.
## CAUSES OF ACTION

### Breach of Contract by SXIP

26.     Plaintiff and Sonoma entered into a valid binding contract for the design and manufacture of equipment to be used in Plaintiff's business.

27.     Plaintiff performed all conditions precedent required by the Contract.

28.     To date, Sonoma has failed and continues to fail to deliver to Plaintiff the equipment for which Plaintiff paid.

### Negligence of Sonoma Stainless

29.     Plaintiff incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

30.     Sonoma had a duty to use reasonable care in the performance of its services to and for Plaintiff and to act in such a manner as to protect Plaintiff's property from harm.

31.     Defendants negligently performed services in regards to the Property allowing unauthorized individuals to enter and to exit the Property and to illegally and/or without authorization to remove property belonging to Plaintiff.

32.     Defendants breached their duty of care and failed to exercise reasonable or ordinary care with regards to the Property of Plaintiff.

33.      The afore-described acts and/or omissions on the part of the Sonoma were a contributing and substantial factor in causing the damage sustained by Plaintiff.

34.      The afore-described acts and/or omissions on the part of the Defendants were the legal and proximate cause of damages to Plaintiff in the complete and total destruction/disappearance of the property.

## Civil Theft Against All Defendants

35.     Plaintiff incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

36.     Under applicable law, all property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property.

37.     Plaintiff bring this action, as owner of the Property which was stolen, against GenAg and the Agents of GenAg responsible for stealing the property. Further, Plaintiff brings this action against SXIP and the SXIP agents whom are in possession of the property. Finally, Plaintiff brings this action against Sonoma and its agent Vince Frere for the civil theft of Plaintiff's property.

38.     Plaintiff seeks its actual damages, attorney fees, plus three times said damages under applicable law.

## Conspiracy Against All Defendants

39.     Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

40.     Upon information and belief, Defendants with the object of defrauding Plaintiff did in fact Defraud Plaintiff and take Plaintiff's property.

41.     Defendants perpetuated a scheme to take Plaintiff's property and to take Plaintiff's property and preclude Plaintiff fom its property and money utilized to pay for said property.

## Conversion By All Defendants

42.     Plaintiff incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

43.     Plaintiff has a superior right of possession to the Property referred to herein.

44.     Defendants each negligently or intentionally exercised unauthorized dominion over said Property.

45.     Defendants are liable for all damages caused to Plaintiff resulting from the conversion in an amount to be determined at trial.

## V.
## JURY DEMAND

46.     Plaintiff respectfully demands a jury.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Western Acceptance LLC hereby respectfully requests that the Court enter judgment in Plaintiff's favor on all of its claims for relief, and award Plaintiff compensatory damages in its favor in an amount to be proven at trial, including pre- and post-judgment interest, costs, and reasonable attorney's fees; and grant Plaintiff such other and further relief as the Court deems just and proper.

Dated January 7, 2020                      Respectfully submitted,

                                           _s/ T. Micah Dortch_
                                           **TIMOTHY M. DORTCH**
                                           **POTTS LAW FIRM, LLP**
                                           2911 Turtle Creek Blvd., Suite 1000
                                           Dallas, Texas 75219
                                           Telephone:  (214) 396-9427
                                           Facsimile:  (469) 217-8296
                                           Email: mdortch@potts-law.com

                                           **ATTORNEY FOR PLAINTIFF WESTERN**
                                           **ACCEPTANCE LLC**