IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00052-CMA-KMT

WESTERN ACCEPTANCE, LLC,

      Plaintiff,

v.

GENERAL AGRICULTURE, INC., *f/k/a* General Agriculture, LLC,
SONOMA STAINLESS, INC.,
STIG WESTLING,
CALLAGHAN BECKER,
PHIL TAGAMI, and
CALIFORNIA CAPITAL & INVESTMENT GROUP, INC.,

      Defendants.

---

## ORDER

---

    This matter is before the Court on the Recommendation of Magistrate Judge Kathleen M. Tafoya. (Doc. # 148). For the following reasons, the Recommendation is affirmed in part and rejected in part.

## I.    <u>BACKGROUND</u>

    This is a business dispute. Plaintiff, Western Acceptance, LLC, alleges that it entered a contract to purchase equipment from a company called SXIP, LLC. (Doc. # 112, ¶ 10). SXIP was then acquired by Defendant General Agriculture Inc. ("GenAg"). (Doc. # 112, ¶ 13). Plaintiff now alleges that GenAg assumed SXIP's obligations under the contract but failed to deliver the equipment Plaintiff had ordered. (Doc. # 112, ¶¶ 13,

23). Plaintiff also alleges that GenAg sent various employees, consultants, and contractors to Plaintiff's office in Colorado Springs, where they stole equipment and business ideas. (Doc. # 112, ¶¶ 14-18). Plaintiff is now suing GenAg and others, asserting claims for breach of contract, negligence, civil theft, civil conspiracy, unjust enrichment, and conversion. (Doc. # 112).

Several Defendants – GenAg, Callaghan Becker, Sonoma Stainless, Inc., and Phil Tagami – filed dismissal motions. (Doc. ## 115, 118, 119).[1] GenAg also filed a Motion to Stay the Case to Give Effect to a Contractual Mandatory Mediation Provision. (Doc. # 116). The Court referred the motions to Magistrate Judge Tafoya for a recommendation. (Docs. ## 117, 120). Judge Tafoya recommends dismissing all claims against Sonoma Stainless; dismissing the civil conspiracy claims against GenAg, Becker, and Tagami; dismissing the breach-of-contract claims against GenAg; and denying the motion for stay. (Doc. # 148, pp. 73-74).

Plaintiff and Tagami now object to Judge Tafoya's Recommendation. Plaintiff opposes dismissal of its breach-of-contract and conspiracy claims (Doc. # 150); Tagami argues that the Court should have dismiss all claims against him for lack of jurisdiction (Doc. # 151). The objections are overruled.

## II.   LEGAL STANDARD

When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been

---

[1] California Capital & Investment Group also filed a dismissal motion (Doc. # 130), which this Court will address in a separate order.

properly objected to." F.R.C.P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted).

## III.    ANALYSIS

### A.    NO-OBJECTION RECOMMENDATIONS

As an initial matter, the Court notes that no party has objected to Judge Tafoya's Recommendation with respect to docket numbers 116 and 118 – NGenAg's Motion to Stay Case to Give Effect to a Contractual Mandatory Mediation Provision (Doc. # 116) ("Motion for Stay") and Defendant Sonoma Stainless, Inc.'s Second Renewed Motion to Dismiss (Doc. # 118). Judge Tafoya recommends that the Motion for Stay be denied, that the Sonoma Stainless Motion be granted in part and denied in part, and that that the claims against Sonoma Stainless be dismissed. "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Applying this standard, the Court is satisfied that Judge Tafoya's recommendations on these matters are sound and that there is no clear error on the face of the record. *See* Fed.R.Civ.P.

72(a). Therefore, the Court affirms and adopts Judge Tafoya's Recommendation with respect to docket numbers 116 and 118.

## B.     TAGAMI'S OBJECTION

Tagami moved to dismiss Plaintiff's claims against him for lack of personal jurisdiction. (Doc. # 115). After a painstaking review of the applicable law and the allegations in the Complaint, Judge Tafoya rejected this argument and concluded that Tagami is subject to personal jurisdiction in this Court. (Doc. # 148, pp. 23-35). Tagami now objects to Judge Tafoya's conclusion. Tagami argues that, because Judge Tafoya recommends dismissing the conspiracy claim, the Court is now "require[d] . . . to dismiss Tagami based on lack of personal jurisdiction because the insufficiently alleged conspiracy is the sole basis for Tagami's minimum contacts with Colorado." (Doc. # 149, p. 1) (emphasis in original). This argument fails.

Contrary to Tagami's suggestion, "the insufficiently alleged conspiracy" was not the "sole basis" for Judge Tafoya's jurisdictional analysis. Rather, as Judge Tafoya observed, "[t]he Second Amended Complaint alleges four claims against Tagami: (1) civil theft; (2) conspiracy; (3) conversion; and (4) unjust enrichment." (Doc. # 148, p. 30). According to the Complaint, Tagami visited Colorado for the purpose of accomplishing these unlawful purposes. (*See* Doc. # 112, ¶¶ 14-16). Specifically, the Complaint alleges that Tagami visited Plaintiff's facility in Colorado Springs "under the guise of being a compliance consultant for GenAg" in an "attempt to take Plaintiff's equipment." (Doc. # 112, ¶ 16). Judge Tafoya correctly concluded that this and other contact with Colorado formed a basis for personal jurisdiction. Thus, Judge Tafoya's conclusion

rested, not on Plaintiff's "failed conspiracy allegation" (Doc. # 149, p. 5), but on Tagami's contacts with the state of Colorado in connection with the underlying facts of this case. (Doc. # 148, pp. 30-36).

Tagami next argues, however, that Judge Tafoya's analysis erroneously relied on conclusory allegations in the Complaint. The jurisdictional allegations in the Complaint, Tagami argues, have been "refuted by the Tagami Affidavits," and therefore cannot form the basis for this Court's jurisdiction (Doc. # 149, p. 1). This argument fails.

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "In the preliminary stages of litigation, however, the plaintiff's burden is light." *Id*. "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). However, if the parties present conflicting affidavits, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id*.

In this case, the parties presented conflicting affidavits on the issue of jurisdiction. (Compare Doc. # 119-1 with Docs. ## 120-1, 120-2, 120-3). Judge Tafoya reviewed the affidavits submitted by both sides and incorporated them into her analysis. (*See, e.g.* Doc. # 148, pp. 25-27). In the face of these conflicting affidavits, Judge Tafoya was obliged to, and did, resolve all factual dispute in Plaintiff's favor. *Behagen*, 744 F.2d 733 (10th Cir. 1984). The Court finds no error in Judge Tafoya's analysis with respect to this issue.

The remaining arguments in Tamagi's Objection (Doc. # 149) are either premature (*see, e.g.* Doc. # 149, pp. 7-8) or shoehorned into footnotes (*see, e.g.* Doc. # 149, p. 3, n. 4; p. 7, n. 9). The Court need not address these arguments. *United States v. Judd*, 42 Fed. Appx. 140, 144 ("Arguments made in a perfunctory manner, such as in a footnote, are waived."). Therefore, Judge Tafoya's Recommendation is affirmed.

**C.   PLAINTIFF'S OBJECTIONS**

1.   <u>Dismissal of Breach-of-Contract Claim Against GenAg</u>

Judge Tafoya recommends dismissing Plaintiff's breach-of-contract claim against GenAg on the ground that Plaintiff "failed to plausibly allege the existence of a valid oral contract between itself and Defendant GenAg." (Doc. # 148, p. 46). Specifically, Judge Tafoya noted that "nowhere in the Second Amended Complaint does Plaintiff allege that Defendant GenAg ever agreed to deliver the Distillate Unit, much less that it promised to do so pursuant to the terms of the oral contract." (Doc. # 148, pp. 44-45). Plaintiff objects, arguing that it alleged that the Distillate Unit was "to be used in Plaintiff's business," and "[i]f the Distillate Unit was to be used in Plaintiff's business, that means it had to be delivered to Plaintiff." (Doc. # 150, p. 2; *see also* Doc. # 112, ¶ 31). While the Court agrees with Judge Tafoya that Plaintiff's Complaint could have been clearer on this point, the Court nevertheless finds that Plaintiff has met its pleading burden with respect to this claim.

To plead the existence of a valid contract, a plaintiff must allege facts which, if true, would establish that the parties "agree upon all essential terms" of the contract, *Fed. Lumber Co. v. Wheeler*, 643 P.2d 31, 36 (Colo. 1981); that such terms are

"definite, certain, clear, and unambiguous," *Yaekle v. Andrews*, 195 P.3d 1101, 112 (Colo. 2008); and that the terms are "sufficiently definite to enable the court to determine whether the contract has been performed or not." *Stice v. Peterson*, 355 P.3d 948, 952 (Colo. 1960). Plaintiff's Complaint satisfies this standard. Plaintiff has alleged that it "entered into an oral contract" with GenAg; that the contract was "for the design and manufacture of Distillate Unit to be used in Plaintiff's business"; that "GenAg accepted monies directly from Plaintiff for said Contract," that "Plaintiff performed all conditions precedent required by the Contract" and that "GenAg has failed and continues to fail to deliver to Pliatniff the equipment for which Plaintiff paid." (Doc. # 112, ¶¶ 31-33). The Court finds that these allegations are sufficient to allege a plausible claim for breach of contract against GenAg, and it therefore will not dismiss that claim.

2.     Dismissal of Conspiracy Claim against GenAg, Becker, and Tagami

Judge Tafoya next recommends dismissing Plaintiff's conspiracy claim against Defendants GenAg, Becker, and Tagami, on the ground that Plaintiff has failed to state a plausible claim for conspiracy. (Doc. # 148, pp. 57-59). Plaintiff objects, arguing that "[t]he facts in the Second Amended Complaint show clear indicia of [a conspiracy] between GenAg and Becker and the other Defendants." (Doc. # 150, p. 4). The Court agrees with Judge Tafoya.

To state a claim for civil conspiracy under Colorado law, a plaintiff must allege: "(1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *In re*

*Qwest Commc'ns Int'l, Inc. Sec. Litigation*, 387 F. Supp. 2d 1130, 1153 (D. Colo. 2005).

Further, the complaint must "allege specific facts showing agreement and concerted

action among defendants." *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163,

1182 (D. Colo. 2019) (quoting *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989)). A

"plaintiff cannot succeed on its claims for civil conspiracy without showing that each

defendant agreed to do something in furtherance of the conspiracy, knowing of its

improper purpose." *Powell Prod., Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D. Colo.

1996). Plaintiff has failed to meet this standard.

Plaintiff's conspiracy claim, like its breach-of-contract claim, relies on vague,

conclusory allegations. Rather than alleging specific facts showing that the Defendants

"agreed to do something in furtherance of the conspiracy, knowing of its improper

purpose," *Powell Prod.*, 948 F. Supp. at 1480, Plaintiff simply concludes that Plaintiffs

"were conspiring" against it:

> GenAg and CCIG, through their co-ownership, co-
> Agents/employees, and co-actions, via meetings with
> Plaintiff and conversations with Plaintiff were conspiring to
> learn of Plaintiff's business, its method for operating, its use
> and ownership of equipment, and its trade secrets so that
> GenAg, the GenAg Agents, and CCIG could eventually take
> Plaintiff's Heaters and Distillate Unit and Plaintiff's money for
> their own use to Plaintiff's detriment.

> (Doc. # 112, ¶ 51).

But Plaintiff offers no facts to explain how it came to this conclusion. Indeed, these

allegations are so vague that it is impossible to tell what each of these Defendant is

alleged to have done "in furtherance of the conspiracy." *Powell Prod.*, 948 F. Supp. at

1480. These vague allegations fail to nudge Plaintiff's claims "across the line from conceivable to plausible," so they are subject to dismissal. *Twombly*, 55 U.S. at 570.

## IV.   CONCLUSION

For the foregoing reasons, Judge Tafoya's Recommendation (Doc. # 148) is ACCEPTED IN PART and REJECTED IN PART. The Court hereby ORDERS as follows:

- Defendant General Agriculture, Inc.'s Motion to Stay Case to Give Effect to a Contractual Mandatory Mediation Provision (Doc. # 116) is DENIED.

- Defendant Sonoma Stainless, Inc.'s Second Renewed Motion to Dismiss (Doc. # 118) is GRANTED IN PART and DENIED IN PART as stated in the Recommendation (Doc. # 148), and the claims against Sonoma Stainless are DISMISSED.

- General Agriculture, Inc.'s and Callaghan Becker's Motion to Dismiss Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Doc. # 115) is GRANTED IN PART and DENIED IN PART as stated above. Plaintiff's conspiracy claim against Defendants General Agriculture, Inc. and Callaghan Becker are DISMISSED. The Motion is denied in all other respects.

- Defendant Phillip Tagami's FRCP12(b) Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim (Doc # 119) is GRANTED IN PART and DENIED IN PART. The civil conspiracy claim against Defendant Tagami is DISMISSED. The Motion is denied in all other respects.

DATED: September 17, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge