IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–00052–CMA–MDB

WESTERN ACCEPTANCE, LLC,
    Plaintiff,

v.

GENERAL AGRICULTURE INC. F/K/A GENERAL AGRICULTURE LLC,
STIG WESTLING, and
CALLAGHAN BECKER,
    Defendants.


GENERAL AGRICULTURE INC. F/K/A GENERAL AGRICULTURE LLC,
    Counterclaim-Plaintiff,

v.

WESTERN ACCEPTANCE, LLC,
    Counterclaim-Defendant.


CALLAGHAN BECKER,
    Third-Party Plaintiff,

v.

THOMAS MCCANN,
    Third-Party Defendant.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Maritza Dominguez Braswell**

    This matter is before the Court on "Plaintiff's Opposed Motion to Strike Defendant General Agriculture Inc's Answer & Counterclaim and Motion for Entry of Default Judgment" (["Motion"], Doc. No. 206), as well as on the Order to Show Cause, which was issued by this

Court on January 26, 2023. (["Order to Show Cause"], Doc. No. 211). No response has been filed to the Motion or to the Order to Show Cause, and the time to do so has lapsed.

On August 1, 2022, Attorneys Jason M. Spitalnick and Steven J. Wienczkowski filed a motion to withdraw as counsel for Defendant General Agriculture, Inc. ["Defendant GenAg"], and its CEO, Defendant Callaghan Becker ["Defendant Becker"], pursuant to D.C.COLO.LAttyR 5(b). (Doc. No. 204.) On August 2, 2022, District Judge Arguello issued a Minute Order granting the Attorneys' motion to withdraw, stating that "Defendants have been notified by counsel of their obligation to prepare for any hearings or trial and respond to any motions or deadlines, or hire other counsel to prepare for any such hearings, trial or motions." (Doc. No. 205.)

When no new counsel entered an appearance on behalf of Defendant GenAg, on September 16, 2022, Plaintiff filed the present Motion, asking that Defendant GenAg's pleadings be stricken and requesting that default judgment be entered against it. (Doc. No. 206.) On January 26, 2023, this Court ordered Defendant GenAg to show cause in writing, on or before February 9, 2023, as to why sanctions should not be imposed against it based on its lack of counsel. (Doc. No. 211.) Defendant GenAg was warned that its failure to timely respond and show cause for its failure to obtain new counsel would result in this Court issuing a recommendation that default and default judgment be entered against it. (*Id.*) To date, Defendant GenAg has failed to respond to the Order to Show Cause and the pending Motion, failed to obtain new counsel, and has otherwise failed to participate in this litigation.[1]

---

[1] On February 28, 2023, Plaintiff and Defendant Becker filed a joint motion, advising the Court that Defendant Becker "had been going through a series of illness which affected his ability to participate in the case," and requesting "additional time for discovery," in part so that Defendant

The Local Rules of Practice for the United States District Court for the District of Colorado authorize sanctions, including default judgment, when a corporation, partnership, or other legal entity attempts to appear without counsel. D.C.COLO.LAttyR 5(b) ("[A]bsent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against [each] entity."); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). Federal courts also have the inherent authority to enter default judgment against a defendant in order to "manage their business so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003). In addition, Federal Rule of Civil Procedure 16(f)(1) provides: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(vi) specifically allows a court to enter default judgment against a disobedient party.

The Court "must ensure that default judgment is a 'just' sanction for the offending party's misconduct." *EBI Sec. Corp. v. Net Comman Tech, Inc.*, 85 F. App'x 105, 108 (10th Cir. 2003) (citation omitted). "[I]n addition to considering the culpability of the offending party, the district court also typically should consider a number of other factors on the record, including (1) the

---

Becker could "attempt to find an attorney" for himself and Defendant GenAg. (Doc. No. 215 at 3-5.) Based on those representations, this Court set a hearing on the Order to Show Cause and pending Motion, which took place on March 26, 2023. (Doc. Nos. 219-20.) Defendant Becker failed to appear at the March 26, 2023 hearing, or to provide the Court with any explanation regarding his failure to appear. (Doc. No. 220.)

degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions." *Id.* "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider" in selecting a sanction. *Id.*

Here, it has been eight months since Defendant GenAg's counsel withdrew from this case. (Doc. No. 205.) Although Defendant GenAg was advised of its obligation to obtain new counsel, no substitute counsel has appeared to represent it in this action. (*See* Doc. Nos. 205-06, 211.) Defendant GenAg was on notice of possible sanctions for noncompliance via court order and the applicable rules. (Doc. No. 211 at 3); *see Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987) ("The Federal Rule of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves."). Still, Defendant GenAg has not communicated that its noncompliance with court orders and rules was inadvertent or the result of inability to comply. Nor has Defendant GenAg requested an extension of time to obtain new counsel. Moreover, while the record reflects that Defendant Becker may have been dealing with some illness that impacted his ability to move forward with discovery, culpability is not the only factor a court considers. *EBI*, 85 F. App'x at 108. Here, Defendant GenAg's conduct has prejudiced Plaintiff by causing it to expend time and money. (Doc. No. 206 at 3.) And, this Court has been forced to expend its own resources monitoring this civil action, as well as issuing an Order to Show Cause. "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice[.]" *EBI Sec. Corp. v. Hamouth*, 219 F.R.D. 642, 648 (D. Colo. 2004) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916,

4

920-21 (10th Cir.1992)). Default judgment is an appropriate method for resolving litigation and protecting a diligent plaintiff "when the adversary process has been halted because of an essentially unresponsive party." *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1067 (D. Colo. 2015) (quoting *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). Defendant GenAg has not participated in this case in any way since the filing of its counsel's motion to withdraw, and it cannot "escape liability merely by refusing to participate." *Pleitez v. Carney*, 594 F. Supp. 2d 47, 48-49 (D.D.C. 2009). Therefore, the Court recommends judgment by default as a sanction pursuant to the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Court's inherent powers to achieve the orderly and expeditious disposition of its docket. Given Defendant GenAg's decision not to participate in this litigation, the Court finds a lesser sanction would not be efficacious.

Accordingly, it is

**ORDERED** that the Order to Show Cause (Doc. No. 211) is made **ABSOLUTE**. The Court respectfully

**RECOMMENDS** that the "Plaintiff's Opposed Motion to Strike Defendant General Agriculture Inc's Answer & Counterclaim and Motion for Entry of Default Judgment" (Doc. No. 206) be **GRANTED**. The Court further

**RECOMMENDS** that judgment by default be entered against Defendant General Agriculture, Inc., as a sanction pursuant to Federal Rules of Civil Procedure 16 and 37 and the Court's inherent powers to achieve the orderly and expeditious disposition of its docket, based

on Defendant General Agriculture, Inc.'s failure to obtain new counsel in this matter. The Court further

**RECOMMENDS** that Plaintiff file an accounting of damages it believes are recoverable based on its claims.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. ⸺ 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: April 11, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge